1 | James C. Bastian, Jr. – Bar No. 175415
2 | Rika M. Kido – Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
3 | Irvine, California 92618
Telephone:    (949) 340-3400
4 | Facsimile:    (949) 340-3000
Email:         jbastian@shbllp.com;
5 |                    rkido@shbllp.com

6 | Attorneys for Lynda T. Bui,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:15-bk-13359-SY |
| **JAMES ANDREW GONZALES** and **ESTELA ORTEGA GONZALES,** | Chapter 7 |
| | Adv. Case No. |
| Debtor(s). | **COMPLAINT FOR:** |
| **LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of James Andrew Gonzales and Estela Ortega Gonzales,** | 1.   **SALE OF PROPERTY [11 U.S.C. § 363(h)]; AND** |
| | 2.   **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]** |
| Plaintiff, | |
| vs., | |
| **JAMES ALLEN QUINN, an individual** | |
| Defendant(s). | |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1
Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Quinn\Pld\Complaint 001.doc
4979-000/11

Lynda T. Bui, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of James Andrew Gonzales and Estela Ortega Gonzales ("Debtors") hereby brings this Complaint and respectfully complains and alleges as follows:

## I.    STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property) and 7001(3) (a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and co-owner in property).

2. Plaintiff, as Trustee for the Debtors' Estate, has standing to bring this action under 11 U.S.C. §§ 323, 363, and 542.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtors' bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re James Andrew Gonzales and Estela Ortega Gonzales*, Case No. 6:15-bk-13359-SY on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(E) (orders to turn over property of the estate). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $19,250.00.

## II.    PARTIES

6. Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for the Debtors' Estate, and brings the claims asserted herein in that capacity.

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Quinn\Pld\Complaint 001.doc
4979-000/11

7.   Plaintiff is informed and believes and thereon alleges that the Defendant James Allen Quinn ("Defendant"), is an individual residing in the County of Riverside, State of California.

### III.   GENERAL ALLEGATIONS

8.   The Debtors filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on April 3, 2015 ("Petition Date").

9.   On April 30, 2015, the United States Trustee ("UST") filed a Motion on shortened time seeking the dismissal or conversion of the Debtors' case on the grounds that the Debtors failed to provide evidence of insurance coverage on their real properties and failed to provide compliance information to the UST.

10.  Following a hearing held on May 21, 2105, the Court granted the UST's motion and entered an order directing the appointment of a Chapter 11 trustee.  As such, the Plaintiff was appointed the Chapter 11 trustee pursuant to an Order entered May 27, 2015.  The Trustee's appointment was approved by the Court pursuant to an Order entered June 4, 2015.

11.  On July 9, 2015, the Plaintiff filed her Motion for Order Converting Case to Chapter 7 ("Motion to Convert").  On August 10, 2015 ("Conversion Date"), an order was entered by the Court approving the Motion to Convert and the underlying bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code.

12.  On August 10, 2015, the UST appointed the Plaintiff as the duly appointed and acting Chapter 7 trustee of the Debtors' Estate.

13.  On their Schedule A, the Debtors listed their one-half (1/2) interest in the real property located at 600 Central Avenue, Suite B, Lake Elsinore, CA 92530 ("Property").  The Trustee is informed and believes that the Property is a commercial building and not a residence.

14.  Pursuant to a Grant Deed recorded against the Property on June 4, 1999, Doc # 1999-246717, title in the Property is vested in the Debtors, "husband and wife as joints tenants as to an undivided 1/2 interest" and "James Allen Quinn, an unmarried man as to an undivided 1/2 interest."

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

2

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Quinn\Pld\Complaint 001.doc
4979-000/11

15. Plaintiff is informed and believes that after accounting for joint liens and encumbrances against the Property, there is significant equity in the Estate's interest in the Property for the benefit of creditors.

16. Plaintiff is informed and believes that Defendant is currently in the Defendant is in possession, custody, or control of the Property and has been in possession of the Property since the Petition Date.

17. Plaintiff is informed and believes that Debtor James Gonzales, and Defendant entered into a Rental Agreement for Debtors' 1/2 interest in the Property on June 1, 2012 ("Rental Agreement"). The Rental Agreement provided for monthly rental payments of $1,000.00 per month for a five (5) year lease period, which expires on June 1, 2017.

18. Plaintiff is informed and believes that Defendant made rental payments to the Debtors while the underlying bankruptcy case was a Chapter 11 bankruptcy case. However, Plaintiff has received no rental payments from Defendant from the Conversion Date to the present date. As of May 2017, past due rental payments for the Estate's interest in the Property total $21,000.00 ("Past Due Rent").

## FIRST CLAIM FOR RELIEF

### Sale of Both Interest of Estate and Co-Owner in Property

### [11 U.S.C. § 363(h)]

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

20. The Debtors listed the Property on Schedule A of their Bankruptcy Schedules.

21. Title in the Property is vested in the Debtors, "husband and wife as joints tenants as to an undivided 1/2 interest" and Defendant, "an unmarried man as to an undivided 1/2 interest."

22. Partition in kind of the Property between the Estate and Defendant is impracticable and cannot be made without extreme prejudice to the Debtors' Estate and Defendant.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Quinn\Pld\Complaint 001.doc
4979-000/11

23. A sale solely of the Estate's undivided interest in the Property would realize significantly less for the Estate than a sale of the Property free of the interest of the Defendant.

24. The benefit to the Estate of a sale of the Property free of the interest of the Defendant outweighs the detriment, if any, to the Defendant.

25. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

26. Any proposed sale of the Property will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in the Debtors' main bankruptcy case. Pursuant to such a motion, Plaintiff will provide for a distribution to the Defendant (to the extent she shows a bona fide interest in the Property), and to the Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Property.

## SECOND CLAIM FOR RELIEF

**Turnover of Property**

**[11 U.S.C. § 542]**

27. Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

28. Defendant has been in possession of property of the Debtors' Estate, namely the Property and Past Due Rent, since the Petition Date.

29. Plaintiff is entitled to use, sell, or lease the Estate's legal and equitable interests in the Property under 11 U.S.C. § 363.

30. Plaintiff is entitled to the Past Due Rent under the Rental Agreement and 11 U.S.C. § 363.

31. Pursuant to 11 U.S.C. § 542, Plaintiff, as Trustee, is entitled to turnover of property of the Estate, namely the Property and Past Due Rent.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Quinn\Pld\Complaint 001.doc
4979-000/11

32. Defendant shall deliver to the Plaintiff, and account for: (a) the Property, unless the Property is of inconsequential value or benefit to the Estate; and (b) the Past Due Rent.

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1. That the Trustee is authorized to sell all interests of the Estate and of the Defendant in the Property under 11 U.S.C. § 363(h);

2. For turnover of the Property;

3. For turnover of the Past Due Rent;

4. Awarding the Trustee the costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

5. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated: May 16, 2017

 */s/ Rika M. Kido*
James C. Bastian, Jr.
Rika M. Kido
Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA  92618

5

Z:\G-H\Gonzales, James & Estela\Adv\Bui v. Quinn\Pld\Complaint 001.doc
4979-000/11

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of James Andrew Gonzales and Estela Ortega Gonzales, | DEFENDANTS<br>JAMES ALLEN QUINN, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Rika M. Kido - Bar No. 273780<br>Shulman Hodges & Bastian LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, CA 92618  Telephone: (949) 340-3400 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor  ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR:  1. SALE OF PROPERTY [11 U.S.C. § 363(h)]; AND 2. TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[1] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMES ANDREW GONZALES and ESTELA ORTEGA GONZALES | BANKRUPTCY CASE NO.<br>6:15-bk-13359-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE SCOTT H. YUN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| */s/ Rika M. Kido* |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| May 16, 2017 | Rika M. Kido |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.